UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN L. ROBINSON, <br> Plaintiff, | : <br> : <br> : | CASE NO. 3:22-cv1471 (MPS) |
| v. | : <br> : | |
| ANGEL QUIROS, et al., <br> Defendants. | : <br> : <br> : <br> : | JULY 26, 2023 |

**ORDER**

Plaintiff Shawn L. Robinson, incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this case under 42 U.S.C. § 1983. The plaintiff names twenty-eight defendants: Angel Quiros, Scott Erfe, William Murphy, Amondah Hannah, Denise Dilworth, David Egan, Nick Rodriguez, Gregorio Robles, William Santiago, Felipe Lugo, Darren Chevalier, Kim Jones, Karl Lewis, Henry Falcone, Tolmie, Ramos, Does ##1-10, State of Connecticut, and Connecticut Department of Correction. The plaintiff generally describes his claims as "abusive inhumane maltreatment and denial of needed medical care" in violation of the Eighth Amendment, "conspiratorial racial discrimination and persecution for fundamental religious beliefs" in violation of the First and Fourteenth Amendments, confinement in segregation in violation of the Due Process Clause, and state law claims for negligence, assault, and battery. ECF No. 1 at 1. Although the plaintiff states in the introductory paragraph that he seeks damages and injunctive relief, he includes no prayer for relief in the complaint.

The Court must review prisoner civil complaints and dismiss any portion of the

complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless of whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis.*

The plaintiff generally refers to "the defendants" in the complaint. He does not mention any defendant by name in the body of the complaint, indicate the facility in which the defendant worked at the time of the incidents underlying the complaint, or attribute any actions to a particular defendant or defendants. The plaintiff alleges that he was subjected to a forceful body cavity search at Garner Correctional Institution on November 13, 2019 and was transferred to Northern Correctional Institution and placed in Administrative Segregation on November 18, 2019. ECF No. 1 ¶¶ 5, 14. He alleges no facts regarding racial discrimination or religious persecution.

The plaintiff includes as defendants the State of Connecticut and the Connecticut Department of Correction. The Department of Correction is a state agency. *See* www.portal.ct.gov/DOC. Neither the state nor a state agency is a person subject to suit under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (states and state agencies cannot be sued under section 1983); *Smith v. Connecticut Dep't of Corr.*, No. 3:13-CV-00828(VLB), 2014 WL 3824357, at *6 (D. Conn. Aug. 4, 2014) (same). Thus, all federal claims against defendants State of Connecticut and Connecticut Department of Correction are dismissed.

The Court notes that most of the named individual defendants are supervisory officials. In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit clarified the standard to be applied to a claim of supervisory liability. The Second Circuit adopted the Supreme Court's reasoning in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and held that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676). Knowledge that unconstitutional acts were occurring is insufficient to state a claim for supervisory liability. "A supervisor's 'mere knowledge …' is not sufficient because that knowledge does not amount[] to the supervisor's violating the Constitution." *Id.* at 616-17 (quoting *Iqbal*, 556 U.S. at 677). As the plaintiff does not mention any official in his factual statement, the Court cannot determine whether any individual defendant was personally aware of a constitutional violation. Thus, before the Court can determine whether the plaintiff states any plausible claims for relief, he must file an amended complaint specifying the actions of each individual defendant.

The Court notes further that the plaintiff waited nearly three years before filing this action. Although the plaintiff dated his complaint September 1, 2022, he includes a letter dated November 9, 2022, stating that his mail would be processed the following day. Thus, the earliest he could have given the complaint to prison officials for mailing is November 9, 2022, four days before the limitations period expired. *See Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court.") (citing *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993)); *see also Thompson v. Rovella*, 734 F. App'x 787, 788-89 (2d Cir. 2018) (in

3

Connecticut, the limitations period to file a section 1983 action is three years).

It is possible that the plaintiff's claims against the Doe defendants are time-barred. "John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued." *Hogan v. Fischer*, 738 F.3d 509, 17 (2d Cir. 2013) (internal quotation marks omitted). The only exception to this rule is set forth in Federal Rule of Civil Procedure 15(c) which provides that an amendment relates back to the date of the original complaint if, within the time for service of the original complaint, the newly identified party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c) )(1)(C).

The Second Circuit has held that "the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'" that would support relation back under Rule 15. *Hogan*, 738 F.3d at 518 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)); *see also Abreu v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009) ("[A] plaintiff who 'believe[s] that there exist[s] individual defendants who [are] potentially liable for his injuries, but [who does] not know their exact identities' and who waits until after the expiration of the limitations period to remedy this lack of knowledge (by naming a specific individual as a defendant), will find his claim time-barred.") (citation omitted); *but see Archibald v. City of Hartford*, 274 F.R.D. 371, 382 (D. Conn. 2011) (permitting replacement of John Doe defendants after limitations period had expired where plaintiff's failure to timely do so was caused by defendants' failure to respond to discovery requests) (citing *Byrd v. Abate*, 964 F.

4

Supp. 140, 146 (S.D.N.Y. 1997)).

The current record contains no information regarding any efforts the plaintiff may have made to determine the names of the Doe defendants. Nor is there sufficient information to determine whether the limitations period should be equitably tolled. Thus, the Court will defer consideration of the statute of limitations defense until a defendant has appeared and asserts the defense.

## Conclusion

The federal claims against the State of Connecticut and the Connecticut Department of Correction are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff is directed to file an amended complaint specifying which of his three claims is asserted against each defendant and listing the actions of each defendant with regard to that claim. Once the amended complaint is filed, the Court will conduct an initial review to determine whether the claims against any defendant should proceed. Failure to file the amended complaint complying with this order **within thirty days** may result in the dismissal of this case.

**SO ORDERED** this 26th day of July 2023 at Hartford, Connecticut.

>  /s/
> Michael P. Shea
> United States District Judge