## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SHAWN L. ROBINSON, | : | |
| Plaintiff, | : | CASE NO. 3:22-cv-1471 (MPS) |
| | : | |
| v. | : | |
| | : | |
| ANGEL QUIROS, et al. | : | |
| Defendants. | : | SEPTEMBER 19, 2024 |
| | : | |

---

### RULING ON DEFENDANTS' MOTION TO DISMISS

### I.      Introduction

The plaintiff, Shawn L. Robinson, commenced this action against twenty-eight defendants, asserting multiple claims. The claims remaining after initial review are (1) a Fourth Amendment claim regarding a November 13, 2019 strip search against defendants Egan, Tolmie, Hannah, Ramos, and Lugo, (2) a Fourth Amendment claim regarding a November 18, 2019 strip search against defendants Chevalier, Robles, Rodriguez, Hannah, and Egan, (3) a Fourteenth Amendment due process claim regarding the plaintiff's November 18, 2019 placement in administrative segregation against Chevalier, Robles, Rodriguez, Hannah, and Egan, and (4) a First Amendment retaliation claim against those same defendants. *See* Initial Review Order, ECF No. 21 at 16. On February 29, 2024, all claims against defendant Robles were dismissed for lack of service. *See* ECF No. 35.

Defendants Egan, Tolmie, Hannah, Ramos, Lugo, Chevalier, and Rodriguez ("the defendants") have filed a motion to dismiss on the grounds that the plaintiff has failed to exhaust

his administrative remedies, does not allege the personal involvement of any defendant, and fails to state a claim upon which relief may be granted. For the following reasons, the motion to dismiss is denied.

**Standard**[1]

To withstand a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To state a plausible claim, the complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level." *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court assumes that the factual allegations are true, but legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* When reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

---

[1] The defendants state that they bring this motion under Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5), *see* ECF No. 49, which challenge, respectively, the court's subject matter jurisdiction, personal jurisdiction, and the adequacy of service. They argue, however, that the plaintiff failed to exhaust his administrative remedies, fails to adequately allege the personal involvement of each defendant in his claims, and fails to state cognizable claims for relief. As a motion to dismiss on these grounds is properly brought under Rule 12(b)(6), and the defendants recite the Rule 12(b)(6) standard in their memorandum, the Court considers the motion as if it invoked Rule 12(b)(6).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials." *Goel v. Bunge, Ltd*., 820 F.3d 554, 559 (2d Cir. 2016). In general, courts "do not look beyond facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Id.* (citation, quotation marks, and ellipses omitted). The Second Circuit had acknowledged, however, that courts may sometimes consider certain "document[s] not expressly incorporated by reference in the complaint." *Id*. In *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007), for example, the Second Circuit stated that courts may consider "documents possessed by or known to the plaintiff and upon which [the plaintiff] relied in bringing the suit." *Id*. at 98. Similarly, in *Goel*, the Second Circuit stated that courts may consider documents that are "integral" to a complaint. 820 F.3d at 559.

## II.    Facts

The following facts from the Amended Complaint are relevant to the remaining claims. On November 13, 2019, defendants Egan, Tolmie, Hannah, Ramos, and Lugo permitted nonmedical staff to perform a body cavity search on the plaintiff at Garner Correctional Institution. ECF No. 19 ¶ 42. Defendants Hannah, Egan, Ramos, and Tolmie were "directly present or fully aware of the brutal cavity strip search from personal observations," but did not intercede on his behalf. *Id*. ¶ 43. The plaintiff had not been accused of attempting to convey contraband and had not refused a visual body cavity search on that date. *Id*. ¶ 44. He was in restraints and fully cooperative. *Id*. ¶ 45. As a result of the search, the plaintiff suffered spinal, back, and neck injuries. *Id*. ¶ 46. The plaintiff had a pre-existing back injury from 1999 of which

3

the defendants were aware. *Id*. ¶ 47. The plaintiff informed the officers of his back injury and offered to perform the standard strip search, but the officers ignored him and proceeded with the search. *Id*. ¶ 48.

On November 18, 2019, defendants Chevalier, Rodriguez, Hannah, and Egan subjected the plaintiff to another physical body cavity search and transferred him to administrative segregation status at Northern Correctional Institution. *Id*. ¶ 49. The plaintiff was not offered the opportunity to undergo the standard visual strip search before this search was performed. *Id*. ¶ 50. No observer intervened to stop the search. *Id*. ¶ 53. Defendants Chevalier, and Rodriguez were either involved in or present during the search or later viewed video footage of the search. *Id*. ¶ 54. The plaintiff assumes that these searches were in retaliation for his grievance and lawsuits. *Id*. ¶ 51. The plaintiff alleges that his placement on administrative segregation status violated correctional directives and policies because it was not preceded by an "incident." *Id*. ¶ 55.

## III.   Discussion

The defendants move to dismiss all remaining claims on three grounds—failure to exhaust administrative remedies, failure to allege personal involvement, and failure to state a cognizable claim.

### A.  Exhustion of Administrative Remedies Regarding Strip Search Claims

The defendants first argue that the plaintiff failed to properly exhaust his administrative remedies for his two strip search claims. In support of this argument, the defendants ask the Court to take judicial notice of the version of Department of Correction Administrative Directive 9.6 that was in effect at the time of the strip searches.

4

The version of Directive 9.6 available on the Department of Correction website became effective after the dates of the strip searches. The applicable version is no longer publicly available. The plaintiff attaches to his complaint copies of grievances he filed in accordance with the applicable directive. Although the existence of these grievances indicates that the plaintiff had knowledge of the directive, they do not show that he relied on the directive in bringing this action. As exhaustion of administrative remedies is an affirmative defense, the plaintiff was not required to demonstrate exhaustion to state a cognizable claim and did not rely on the directive in filing this action. Thus, the Court will not consider the copy of the prior directive appended to the defendants' motion. Nor does the Court consider additional exhibits appended to the plaintiff's opposition to the motion to dismiss. *See* Fed. R. Civ. P. 12(d) (court cannot consider matters outside the pleadings without converting the motion to dismiss to a motion for summary judgment).

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies before a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the

5

administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.

Prisoners "cannot satisfy the PLRA's exhaustion requirement solely by ... making informal complaints" to prison officials. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *see also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (summary order) (affirming grant of summary judgment for failure to exhaust administrative remedies and stating that informal letters sent to prison officials "do not conform to the proper administrative remedy procedures"); *Timmons v. Schriro*, No. 14-CV-6606 RJS, 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) ("The law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.").

The Supreme Court has held that the requirement for proper exhaustion is not met when a grievance is not filed in accordance with the deadlines established by the administrative remedy policy. *Jones*, 549 U.S. at 217-18 (citing *Woodford*, 548 U.S. at 93-95). In addition, exhaustion of administrative remedies must be completed before the inmate files suit. *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008). Completing the exhaustion process after the complaint is filed does not satisfy the exhaustion requirement. *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001); *see also Girard v. Chuttey*, 826 F. App'x 41, 44-45 (2d Cir. 2020) (inmate failed to exhaust administrative remedies because he commenced action in district court before appeal

6

was decided or response period elapsed).

Special circumstances will not relieve an inmate of his obligation to comply with the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross*, 578 U.S. at 642. The Supreme Court has determined that "availability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (quotation marks and internal citations omitted).

The *Ross* Court identified three circumstances in which a court may find that administrative remedies are not available to prisoners under the PLRA. *Id.* at 643-44. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. "Next, an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id* Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643. The Second Circuit has noted that "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016). In considering the issue of availability, however, the court is guided by these illustrations. *See Mena v. City of New York*, No. 13-CV-2430(RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

Failure to exhaust administrative remedies is an affirmative defense. Thus, the defendants bear the burden of proof. *See Jones*, 549 U.S. at 216. Once the defendants establish that administrative remedies were not exhausted before the inmate commenced the action, the

plaintiff must establish that administrative remedy procedures were not available to him under *Ross*, or present evidence showing that he did exhaust his administrative remedies. *See Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013) ("once a defendant has adduced reliable evidence that administrative remedies were available to the plaintiff and that the plaintiff nevertheless failed to exhaust those administrative remedies, the plaintiff must then 'counter' the defendant's assertion by showing exhaustion [or] unavailability").

Dismissal under Rule 12(b)(6) for failure to exhaust administrative remedies is appropriate only if the plaintiff's failure to exhaust is evidenced on the face of the complaint. *See Jones*, 549 U.S. at 214; *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) ("If nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted."); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a [Rule 12(b)(6) motion to dismiss], without resort to summary judgment procedure, if the defense appears on the face of the complaint.").

It is not clear that administrative remedies were available to the plaintiff. The grievance regarding the November 13, 2019 search is dated December 12, 2019. ECF No. 19 at 48-49. The decision section of the grievance states that it was received on either December 24, 2019 ("Date Received" field) or on December 18, 2019 ("Reason" field), and that it was rejected as untimely filed. *Id.* at 48. The grievance regarding the November 18, 2019 search is dated December 17, 2019. *Id*. at 50-51. It was received the following day, December 18, 2019. *Id*. at 50. That grievance was likewise rejected as untimely filed. *Id.*

I can infer from these documents that the plaintiff's grievances were filed within the

required time period. The first grievance was apparently submitted on December 12, 2019, within the 30-day period, but Defendant Hannah marked it as received on two different dates: December 24, 2019 and December 18, 2019. *Id.* at 48. The delay of from one to two weeks between submission and receipt—along with the contradictory receipt dates in the decision section—suggests an effort to thwart the plaintiff's efforts when all inferences are drawn in the plaintiff's favor. As for the second grievance, although the reviewer of the second grievance acknowledged that the grievance was received on the thirtieth day after the search, the grievance was rejected because it was not filed within thirty calendar days from the date of discovery of the cause of the grievance. *Id.* at 50. The logic of this assertion is unclear, because the search was the cause of the grievance. Thus, the defendants' motion to dismiss on the ground that the plaintiff failed to exhaust his administrative remedies is denied.

### B.  Personal Involvement

The defendants contend that the plaintiff fails to describe their alleged actions with sufficient specificity. To state a claim for damages under section 1983, the plaintiff must allege facts showing the personal involvement of the defendants in the alleged constitutional deprivation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

The plaintiff has alleged that, on November 13, 2019, defendants Egan, Tolmie, Hannah, Ramos, and Lugo permitted nonmedical staff to perform a body cavity search on him and that they were present during the search or observed the search but did not intervene. He also alleges that, on November 18, 2019, defendants Chevalier, Rodriguez, Hannah, and Egan subjected him to a second physical body cavity search and transferred him to administrative segregation. On initial review, the Court concluded that these allegations were sufficient for the claims to proceed

to discovery.

Federal Rule of Civil Procedure 8(a) requires only that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Second Circuit has held that a complaint listing various medical providers and alleging that they failed to provide the plaintiff adequate medical care over a period of time without describing what actions each defendant took or when the plaintiff saw each defendant "substantially complie[d] with Rule 8," because "[l]iberally construed, the amended complaint identifies discrete defendants and the actions taken by these defendants that purportedly violated [the plaintiff's] Eighth Amendment rights*." Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). Here, the plaintiff has identified the defendants he alleges were responsible for, or present during, the strip searches and segregation placement. The Court previously concluded that the allegations were sufficient to state a plausible claim for relief.

As the plaintiff' allegations substantially comply with Rule 8, the defendants are aware of the claims asserted against them and may seek further information through discovery. The defendants' motion to dismiss is denied on the ground that the complaint lacks specificity.

### C.  Failure to State a Claim

Finally, the defendants argue that the plaintiff fails to state cognizable claims for denial of his rights under the Fourth and Fourteenth Amendments.

The Second Circuit has expressed its reluctance to dismiss a case at an early stage of litigation because "the limited knowledge and legal resources available to *pro se* plaintiffs ... may hamper their ability to articulate potentially valid claims...." *McEachin v. McGinnis*, 357 F.3d 197, 201 (2d Cir. 2004). The court also noted that dismissing a complaint before the

defendants have even filed an answer renders appellate proceedings difficult and can waste judicial resources if a remand for factual development is required. *Id*.

### 1. Fourth Amendment Claims

The defendants contend that this claim fails because the plaintiff has not identified the persons who actually performed the searches. In the Initial Review Order, the court set forth the applicable law and noted that the plaintiff alleged that the searches, which were sanctioned by the defendants, were performed by nonmedical staff and that his request for a less intrusive search was rejected. Both actions are alleged to violate prison directives. The Court determined that the allegations were sufficient to warrant further development of the record through the discovery process. As the plaintiff may be able to prove facts to support his claims that the defendants sanctioned an improper body cavity search, the motion to dismiss the Fourth Amendment claims is denied.

### 2. Fourteenth Amendment Claim

Regarding the Fourteenth Amendment claim, the Court determined on initial review, that the plaintiff's allegations regarding his placement in administrative segregation were sufficiently egregious to warrant further development of the record. He alleged that his placement was not precipitated by any incident and that he was not afforded due process. If the plaintiff can present evidence to support these allegations, he has stated cognizable claims for relief. The motion to dismiss is denied as to the Fourteenth Amendment claim.

## IV.   Conclusion

The defendants' motion to dismiss [**ECF No. 49**] is **DENIED.**  The defendants may revisit their arguments in a motion for summary judgment after the parties have had an

opportunity to conduct discovery.

   **SO ORDERED** this 19th day of September, 2024 at Hartford, Connecticut.

                                    /s
                   _____
                   Michael P. Shea
                   United States District Judge